IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **CHARLES CHRISTOPHER BROWN** | * | **CIVIL ACTION NO. 05-1461** |
| **VERSUS** | * | **JUDGE JAMES** |
| **ERIC K. BUERGER, STORMS, ATTORNEYS AT LAW, RICHARD R. STORMS and TYLER GRAHAM STORMS** | * | **MAGISTRATE JUDGE HAYES** |

### RULING ON MOTION TO REMAND[1]

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand filed by plaintiff. [Document No. 9].

### Introduction

Plaintiff, Charles Christopher Brown ("Brown"), a Mississippi domiciliary, filed this negligence suit in the 3rd Judicial District for the Parish of Lincoln, claiming that the defendants, a Louisiana law firm, two partners, and one associate, Eric K. Buerger ("Buerger"), are liable for Buerger's failure to represent Brown after being appointed as his counsel in an action before the Ruston City Court ("City Court").  In his Petition for Damages ("Petition") [Document No. 1], Brown seeks to have the defendants indemnify him for a $15,000.00 verdict rendered against him in the City Court, and he also requests attorneys' fees for this proceeding and an ongoing appeal of the City Court's verdict.  Pursuant to Article 893 of the Louisiana Code of Civil Procedure, Brown did not assign a specific numerical value to his requested damages other than to state, for

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

1

purposes of obtaining a jury trial under Article 1732 of the Louisiana Code of Civil Procedure, that he is "entitled to damages as set forth above, in such amounts as are reasonable in the premises, which damages are not less than Fifty Thousand and No/100 ($50,000.00)." Pl.'s Petition at p.3. With respect to his request for attorneys' fees, Brown noted in the Petition that the fees "cannot be determined at this point in time as the expenses are ongoing in his efforts to overturn the judgment rendered against him." Pl.'s Petition at p.2.

The defendants removed this action pursuant 28 U.S.C. § 1441(a) permitting removal of cases in which federal subject matter jurisdiction exists either under 28 U.S.C. § 1331, federal question jurisdiction, or § 1332, diversity jurisdiction. In their Notice of Removal, the defendants, in an attempt to invoke diversity jurisdiction under § 1332, stated that "upon information and belief, the matter in controversy exceeds seventy five thousand and no/100 ($75,000.00) dollars, exclusive of interest and costs."

## **Law and Analysis**

When removing a case to federal court, the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Any jurisdiction determination is based on the claims in the state court petition as they existed at the time of removal, *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995), and any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

When invoking 28 U.S.C § 1332 as a basis for removal, the removing party must demonstrate complete diversity of citizenship among the parties and that the plaintiff's claims satisfy the statute's $75,000.00 amount in controversy requirement, exclusive of interest and

costs. *See* 28 U.S.C. § 1332(a). Demonstrating the necessary amount in controversy in a case initially filed in Louisiana state court, however, is difficult because Louisiana law in most cases prohibits plaintiffs from petitioning for a specific monetary amount of damages. *See* La. Code Civ. P. art. 893(A)(1). In this circumstance, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent from a review of the complaint that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount. *Simon v. Wal Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

The defendants have failed to meet their burden in this regard. First, it is not facially apparent from the claims listed in the Petition that damages will likely be above $75,000. Unlike those cases in which the amount in controversy is obvious based on a plaintiff's severe and numerous claims, *see Luckett*, 171 F.3d at 298 (holding amount in controversy obvious from plaintiff's claims for medical and travel expenses, pain and suffering, and humiliation), Brown, in his Petition, only sought indemnification for a $15,000 judgment rendered against him and attorneys' fees relating to this case and his appeal of the earlier judgment. Taking into account Brown's request for indemnification, it is not "facially apparent" that the requested attorneys' fees would amount to more than $60,000, thereby satisfying the amount in controversy requirement. While the nature of Brown's request for damages precludes a precise quantification at this time, it is unlikely, particularly in light of the relatively small amount of the underlying judgment, that Brown has incurred reasonable attorneys' fees necessary to satisfy the amount in controversy requirement since first having an opportunity to appeal the City Court judgment in August 2004.

3

Secondly, the defendants have failed to set forth specific facts, either in their Notice of Removal [Document No. 3] or Reply to Motion to Remand [Document No. 13], indicating that Brown's claims amount to over $75,000.00, exclusive of interest and costs. Instead, the defendants, by citing to a portion of Brown's petition requesting damages above $50,000.00 and a statement in his Motion to Remand limiting his damages to $74,999.00, insist that the amount in controversy requirement is satisfied because Brown continues to incur attorneys' fees in his appeal of the City Court judgment. This is simply not the case.

Brown's request for damages above $50,000.00 served only one purpose: to support his request for a jury trial pursuant to Article 1732 of the Louisiana Code of Civil Procedure.[2] While Brown's post-removal limitation of his damages to $74,999.00 has no effect on the value of his complaint at the time of the removal, the evidence presented in this case shows that it is most unlikely that his claims will reach the vicinity of $75,000.00. In sum, there is nothing to suggest that Brown's claims satisfy the amount in controversy requirement under § 1332(a).

Therefore, for the reasons stated above, the motion to remand will be **GRANTED.**[3]

---

[2] Article 1732 provides that "[a] trial by jury shall not be available in a suit where the amount of no individual petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs." La. Code Civ. P. art. 1732.

[3] The Court notes that, although not raised by the plaintiff, removal in this case was procedurally improper because the removing defendants are Louisiana domiciliaries. *See* 28 U.S.C. § 1441(b) (removal based on diversity of citizenship allowed "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

THUS DONE AND SIGNED at Monroe, Louisiana this 7th day of October, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE